**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | |
|---|---|
| **MAHENK SHAILESH PATEL, et al.,**<br><br>    *Plaintiffs,*<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**3:26-cv-00033-TES** |

**ORDER**

Plaintiffs Mahenk Shailesh Patel and Varshaben Natvarbhai Patel filed a

Complaint [Doc. 1] on March 30, 2026. *See generally* [Doc. 1]. On June 30, 2026, this Court

issued an Order directing Plaintiffs to show cause as to why their Complaint should not

be dismissed for lack of service on Defendants. [Doc. 3]. On July 1, 2026, Plaintiffs

responded to the Court's Order [Doc. 3] and provided proof of service on Defendants.

[Doc. 4]. Defendants, in turn, filed a Motion to Dismiss Complaint on July 10, 2026.

[Doc. 6]. Pursuant to Local Rule 7.2, Plaintiffs were given twenty-one days to respond to

Defendant's Motion [Doc. 6]. LR 7.2, MDGa. Accordingly, Plaintiffs should have

submitted a response by Friday, July 31, 2026. As of August 4, 2026, Plaintiffs had failed

to respond to Defendants' Motion to Dismiss.

On August 4, 2026, the Court issued an order directing Plaintiffs to show cause

and demonstrate why their lack of response should not be considered a failure to

prosecute their case. *See* [Doc. 7]. On August 13, 2026, Plaintiffs filed a response to the Court's order. [Doc. 8]. In their response, Plaintiffs explain that "[t]he missed July 31 deadline resulted from an isolated, inadvertent administrative processing lapse not abandonment, willful delay, or disregard of the Court." [*Id.* at p. 1]. Additionally, Plaintiffs assert that "[n]o scheduling order, discovery deadline, hearing, or trial date is identified as having been affected." [*Id.* at p. 2]. Plaintiffs' response has demonstrated a willingness to continue to diligently prosecute their action. The Court agrees that dismissal under Rule 41(b) would be inappropriate at this juncture. Accordingly, the Court construes Plaintiffs' Response [Doc. 8] as a Motion for Leave Under Rule 6(b)(1)(B) to File Plaintiffs' Response to Defendants' Motion to Dismiss out of time, **GRANTS** Plaintiff's Motion, and accepts Plaintiffs' Response filed in Opposition to Dismiss [Doc. 8-1].

Plaintiffs have furthermore asked the Court to grant Plaintiffs' "request leave to amend under Rule 15(a)(2) to clarify that they seek only review of nondiscretionary procedural compliance and, if warranted, vacatur and remand for lawful reconsideration not an order directing a grant of parole" should the Court find that "the present Complaint does not plead the procedural theory with sufficient precision or seeks relief broader than the Court may grant." [Doc. 8, p. 4]. The Court declines to make a preliminary determination on any such issues unless and until Plaintiffs take the proper route for filing an amended complaint. Plaintiffs may do so by either gaining the

2

consent of the other parties or by filing a motion with the proposed amended complaint attached with this Court in accordance with Federal Rule of Civil Procedure 15(a)(2).

## CONCLUSION

The Court construes Plaintiffs' Response [Doc. 8] as a Motion for Leave Under Rule 6(b)(1)(B) to File Plaintiffs' Response to Defendants' Motion to Dismiss out of time and **GRANTS** Plaintiff's Motion. Plaintiffs' Response filed in Opposition to Dismiss is accepted by the Court. [Doc. 8-1]. The Government shall 14 days from today to file any reply per the Local Rules.

**SO ORDERED**, this 14th day of August, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**