**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **MAHENK SHAILESH PATEL and VARSHABEN NATVARBHAI PATEL,**<br><br>*Plaintiffs*,<br><br>**v.**<br><br>**MARKWAYNE MULLIN, et al.,**<br><br>*Defendants*. | **CIVIL ACTION NO. 3:26-cv-00033-TES** |

**ORDER OF DISMISSAL**

This case involves the denial of advance humanitarian parole. On March 30, 2026, Plaintiffs Mahenk Shailesh Patel ("Mahenk") and Varshaben Natvarbhai Patel ("Vershaben") filed a complaint challenging the United States Citizenship and Immigration Services' ("USCIS") denial of Vershaben's Form I-131 Application for Humanitarian Parole—and subsequent dismissal of her Form I-290B motion to reconsider—under the Administrative Procedure Act ("APA"), the Declaratory Judgment Act, and the Mandamus Act. *See generally* [Doc. 1].

Plaintiffs claim that USCIS acted arbitrarily and capriciously and failed to comply with "binding procedural requirements" when it denied the Form I-131 request and dismissed the Form I-290B motion. [*Id.* at p. 7]; *see also* [Doc. 10, p. 1]. To that end, Plaintiffs request what they most recently phrased as "vacatur and remand for [USCIS]

to exercise whatever discretion [the INA] affords after lawful consideration" under the APA and, in the alternative, under the Mandamus Act. *See generally* [Doc. 10].[1]

On July 10, 2026, Defendants filed a motion to dismiss Plaintiffs' complaint in its entirety. *See generally* [Doc. 6]. Defendants claim that Plaintiffs' complaint should be dismissed for three reasons. [*Id.* at p. 2].

First, Defendants claim that the Court lacks subject matter jurisdiction over the claim, because the Secretary of Homeland Security (the "Secretary") had sole discretion to deny Plaintiffs' applications and Congress has statutorily barred court review of such discretionary decisions. [*Id.*]. Second, they claim that the APA bars Plaintiffs' claims, because the APA withdraws its cause of action where "statutes preclude judicial review" or the "agency action is committed to agency discretion by law." [*Id.*] (quoting 5 U.S.C. § 701(a)(1)–(2)). Third, they claim that Plaintiffs' Mandamus Act claim is barred because mandamus relief "can only be granted 'to compel the performance of a clear, nondiscretionary duty,'" where the relief at issue here is discretionary. [*Id.*] (quoting *Pittston Coal Grp. V. Sebben*, 488 U.S. 105, 121 (1988)).

For the following reasons, the Court **GRANTS** Defendants' motion to dismiss and dismisses Plaintiffs' claim without prejudice.

[1] On August 14, 2026, Plaintiffs filed a response to Defendants' motion to dismiss that purports to have narrowed their initially wide array of requested relief. *See generally* [Doc. 10]. In either case, the Court's conclusions here are unchanged.

## BACKGROUND

### A. Factual Background

Vershaben is a native and citizen of India and a beneficiary of an approved Form I-130 petition (Petition for Alien Relative) filed by Mahenk, her adult U.S. citizen daughter. [*Id.* at pp. 2, 4]. On March 28, 2025, Mahenk filed a Form I-485 (Application to Adjust Status) for her mother. [*Id.* at p. 4]. The Form I-485 application remains pending before USCIS. [*Id.*].

On April 22, 2025, Vershaben left the country through emergency advance parole to visit India to address her elderly father's medical needs. [*Id.*]; [Doc. 1-9]. When her emergency parole authorization expired on May 21, 2025, her lawful presence in the U.S. also lapsed. [Doc. 1, p. 4]. A disruption in India's government services prevented her passport from being processed in time, which in turn, caused her to be unable to return to the U.S. before her emergency parole expired. [*Id.*].

To preserve Vershaben's eligibility for adjustment, Mahenk filed a Form I-131 application, requesting humanitarian parole for Vershaben under INA § 212(d)(5)(A). [*Id.*]. On September 26, 2025, USCIS denied that application for humanitarian parole. [*Id.* at p. 5]; [Doc. 1-10]. Although Plaintiffs claim the denial letter states that Vershaben "had no valid reason to travel to India," the letter as attached by Plaintiffs does not include that language. [Doc. 1-10]. Instead, the denial letter reasons that Plaintiffs "failed to establish, by a preponderance of the evidence, that there are urgent

humanitarian reasons or significant public benefit reasons that would justify a favorable exercise of discretion to parole [Vershaben] into the United States." [*Id.*]. Plaintiff filed a Form I-290B motion to reopen and reconsider the I-131 denial, and—in response—USCIS issued a final decision denying the application. [Doc. 1, p. 5]; [Doc. 1-11].

Vershaben remains outside the United States without parole or other entry authorization. [Doc. 1, p. 5]. Plaintiffs claim that USCIS' decisions denying humanitarian parole and refusing to reconsider are "arbitrary, capricious, and an abuse of discretion." [*Id.*]. In particular, Plaintiffs claim that USCIS "failed to articulate a rational basis for denying parole in light of the humanitarian emergency and the pending I-485." [*Id.*].

**B. <u>Statutory and Regulatory Background</u>**

Section 212(d)(5)(A) of the Immigration and Nationality Act ("INA") gives the U.S. government the power to temporarily allow a noncitizen into the United States through advance humanitarian parole. 8 U.S.C. § 1182(d)(5)(A) (Immigration and Nationality Act § 212(d)(5)(A)). It provides as follows:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled

> and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

*Id.* The statute does not require the Secretary to accept, consider, or grant applications for humanitarian parole. No statutory provision or regulation defines "urgent humanitarian reasons" or "significant public benefit."

The Secretary has delegated this parole authority in relevant part to USCIS. 8 C.F.R. § 212.5(a). To apply for humanitarian parole under the INA, a petitioner must submit an application through Form I-131 (Application for Travel Documents, Parole Documents, and Arrival/Departure Records). *See id.* USCIS' decision to grant or deny a Form I-131 application is discretionary. *Id.*

Although a person who has suffered a legal wrong because of "agency action"[2] may generally seek judicial review under the APA, *see* 5 U.S.C. § 702, "APA review does not apply when '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'" *Kanapuram v. Dir., U.S. Citizenship & Immigr. Servs.*, 131 F.4th 1302, 1306 (11th Cir. 2025) (quoting 5 U.S.C. § 701(a)).[3] In 1996, Congress amended the INA to restrict courts' authority to exercise subject matter jurisdiction over some

---

[2] The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13).

[3] The APA does not independently confer subject matter jurisdiction. *Kanapuram*, 131 F.4th at 1306. Instead, jurisdiction is conferred on federal judges to review agency action under federal-question jurisdiction. 5 U.S.C. § 702; 28 U.S.C. § 1331; *Perez v. U.S. Bureau of Citizenship Immigr. Servs.*, 774 F.3d 960, 965 (11th Cir. 2014). So, it is under this federal-question jurisdiction that a "person who has suffered a legal wrong because of agency action may generally seek judicial review under the APA." *Kanapuram*, 131 F.4th at 1306.

immigration actions. 8 U.S.C. § 1252(a)(2)(B). The statute provides as follows in relevant part:

> Notwithstanding any other provision of law ... and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security *the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security*, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). These described provisions include the authority to grant advance parole under the INA. 8 U.S.C. § 1182(d)(5)(A) (Immigration and Nationality Act § 212(d)(5)(A) ("The Secretary of Homeland Security may, . . . *in his discretion* parole . . . on a case-by-case basis for urgent humanitarian reasons or significant public benefit . . . .") (emphasis added).

## LEGAL STANDARDS

A claim may proceed in federal court only if subject matter jurisdiction exists. *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (citation omitted). Nevertheless, district courts "always have jurisdiction to determine [their]

own jurisdiction." *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1153 (11th Cir. 2019) (citation and quotation marks omitted).

When a defendant moves to dismiss a plaintiff's claims for lack of subject matter jurisdiction, the Court must accept the factual allegations in the plaintiff's complaint to be true and determine whether those allegations authorize the Court to decide the claim. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam).

When considering if a court has subject matter jurisdiction, there is a presumption in favor of judicial review. *Kanapuram*, 131 F.4th at 1306. But that presumption can be overcome. *Id.* (citing *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 64 (1993)). A lower court must consider whether it has statutory jurisdiction to act. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (stating that federal courts "possess only that power authorized by Constitution *and statute*" (emphasis added)); *see also Bender*, 475 U.S. at 541. Indeed, Congress has the power to "strip[] federal courts of jurisdiction over [certain] actions." *Patchak v. Zinke*, 583 U.S. 244, 250 (2018).

If the Court does not have subject matter jurisdiction, then "the only function remaining to the court is that of announcing the fact and dismissing the case," because subject matter jurisdiction is an absolute prerequisite for an action in federal court. *Ex parte McCardle*, 74 U.S. 506, 514 (1868). Any resulting dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is always entered without prejudice.

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984)).

**DISCUSSION**

Defendants contend that, because Section 1182(d)(5)(A)—the statutory provision governing humanitarian parole—provides the Secretary of Homeland Security with unfettered discretion in the realm of humanitarian parole, Section 1252(a)(2)(B)(ii) bars review of final parole decisions. In other words, Defendants argue that this Court does not have jurisdiction to hear Plaintiffs' claims.

Defendants are correct. While this Court understands the seriousness of the Plaintiffs' circumstances, it does not have subject matter jurisdiction to adjudicate their APA and Mandamus Act claims. Why? Because Congress took away the district courts' authority to review the Secretary's discretionary immigration decisions—including denials of advance humanitarian parole—and neither the APA nor the Mandamus Act provides an alternative source for subject matter jurisdiction.

**A. Lack of Subject Matter Jurisdiction**

Plaintiffs claim this Court has statutory jurisdiction over their claim from four sources: 28 U.S.C. § 1331 (general federal question jurisdiction), 28 U.S.C. § 1346(a)(2) (jurisdiction for actions against Officers of the United States), 5 U.S.C. § 702 et seq. (the APA), and 28 U.S.C. § 2201 (the Declaratory Judgment Act). However, whatever the case for jurisdiction generally under Plaintiffs' cited provisions, Congress specifically

limited federal courts' jurisdiction to review the Secretary's determinations—and the determinations of his designees—when it amended the INA in 8 U.S.C. § 1252(a)(2)(B). The language is clear: it bars federal courts from exercising federal question or mandamus jurisdiction to review "*any* other decision or action of the . . . Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the . . . Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

Here, the challenged conduct directly involves a set of decisions made by the Secretary and his designees. First, USCIS denied a Form I-131 application. Then, USCIS denied an I-290B motion to reopen and reconsider. To start with, these actions are both plainly "decision[s] or action[]s" and were both made by the Secretary and designees, as contemplated by the statute. *Id.*

Further, the decision in question falls within the Secretary's discretion, as specified by statute.[4] When Congress bestowed the Secretary with parole power, it granted the Secretary unreviewable discretion to grant parole "for urgent humanitarian reasons." 8 U.S.C. § 1182(d)(5)(A) (providing that the Secretary "*may . . . in his discretion* parole into the United States temporarily *under such conditions as he may prescribe* . . ." (emphasis added)); *see also* 8 C.F.R. § 212.5(a). The relevant statutes contain three specific terms indicating the Secretary's discretionary authority when it comes to

[4] Because Section 1252(a)(2)(B)(ii) applies to discretionary authorities "specified under this subchapter," rather than to all discretionary acts in general, the provision must be construed as referring to "statutory, but not to regulatory, specifications." *Kucana v. Holder*, 558 U.S. 233, 237 (2010).

immigration parole: "may," "in his discretion," and "under such conditions as he may prescribe." *Id.* The statute's language overflows with discretion.

But the Court doesn't have to rely on its own understanding of the plain text of the statute. The Eleventh Circuit has shed further light on its meaning. It has clearly held that "[t]he decision whether to parole an alien into the United States rests within the discretion of the Secretary . . . and that discretionary decision is shielded from judicial review, 8 U.S.C. § 1252(a)(2)(B)." *Pouzo v. USCIS Miami*, 516 F. App'x 731, 731 (11th Cir. 2013) (per curiam); *see also Kanapuram*, 131 F.4th at 1309 (holding the same for the process and resolution of adjustment of status applications).

Plaintiffs respond to this unambiguous jurisdictional shield by arguing that USCIS may have violated "its own binding regulations," citing to language in the Eleventh Circuit's recent decision in *Kanapuram*. 131 F.4th at 1308 ("We do not hold that § 1255(a)'s commitment of status adjustments to agency discretion necessarily constitutes a blanket bar on all legal challenges pursuant to § 1252(a)(2)(B)(ii). For example, were USCIS to violate its own binding regulations in processing visa applications, those actions might be reviewable."). And, the Eleventh Circuit has said previously that, even when a decision is committed broadly to agency discretion, "a court may consider allegations that an agency failed to follow its own binding regulations because an agency lacks the discretion to follow such regulations." *Id.*

(quotation omitted) (citing *Kurapati v. U.S. Bureau of Citizenship and Immigr. Servs.*, 775 F.3d 1255, 1262 (11th Cir. 2014).

However, the Eleventh Circuit in *Kanapuram* "express[ed] no view on such a scenario," *Kanapuram*, 131 F.4th at 1308, and the Plaintiffs have not offered any facts in their complaint that would implicate one. Although Plaintiffs do discuss Sections 103.5(a)(2)–(3) and 103.2(b)(16)(i) of the Code of Federal Regulations Title 8, they neither assert a claim that Defendants violated those regulations in their complaint nor provide any facts to suggest that Defendants violated the regulations.

Section 103.5(a)(2)–(3) details the requirements for a petitioner seeking a motion to reopen—it must state new facts and be supported by particular types of evidence—and the requirements for a petitioner seeking a motion to reconsider, including obligatory support from precedent. 8 C.F.R. § 103.5(a)(2)–(3). First, Plaintiffs' complaint does not allege that Defendants violated this regulation, despite their statement to the contrary in their response to Defendants' motion. Second, nowhere does this regulation require USCIS to provide rejected applicants with detailed, customized explanations of its reasoning upon its denial of their motions to reopen or to reconsider. Instead, it merely provides the *movant's* requirements to file a motion to reopen or a motion to reconsider. 8 C.F.R. § 103.5(a)(2)–(3).

Section 103.2(b)(16)(i), meanwhile, requires an applicant be provided with notice and an opportunity to rebut when an adverse decision rests on derogatory information

unknown to the petitioner or applicant. 8 C.F.R. § 103.2(b)(16)(i). But Plaintiff has offered no facts suggesting that USCIS' denial was based on unknown derogatory information.

In sum, while the Court offers no comment on whether USCIS violating its own binding regulations could theoretically give rise to some form of jurisdiction to conduct a judicial review, the Court finds no such jurisdiction here because Plaintiffs have failed to allege any facts that the Defendants failed to follow any of its binding regulations.

**B. Nonreviewability of APA, Mandamus Act, and Declaratory Judgment Act Claims**

In addition to general federal question jurisdiction and jurisdiction when the United States is a defendant, Plaintiffs allege two other bases for subject matter jurisdiction in their complaint: the APA, 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §2201. Separately, Plaintiffs also characterize their action as a "mandamus . . . action[,]" implicitly invoking the Mandamus Act, 28 U.S.C. § 1361. These alternative sources of jurisdiction—either considered alone or in conjunction with federal question and U.S. defendant jurisdiction—fail. Because this Court still lacks subject matter jurisdiction, it cannot review Plaintiffs' complaint under the Mandamus Act, Declaratory Judgment Act, or APA.

For a court to consider a complaint under the Mandamus Act, the defendant must be an "officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The duty owed must be a "clear

nondiscretionary duty." *Lifestar Ambulance Serv., Inc. v. United States*, 365 F.3d 1293, 1294 (11th Cir. 2004). Here, Plaintiffs cannot invoke the extraordinary remedy of mandamus because the Defendants did not owe them a "clear *nondiscretionary* duty." *Id.* (emphasis added). As discussed, the decision at issue necessarily involved discretion.

And, neither the Declaratory Judgment Act nor the APA serves as an independent basis for subject matter jurisdiction. 5 U.S.C. § 706; 28 U.S.C. § 2201; *see also Pouzo*, 516 Fed. App'x at 731. "Congress did not intend [the APA] to serve as an independent source of district court jurisdiction. Such jurisdiction must be provided by other statutory authority." *Choctaw Mfg. Co., Inc. v. United States*, 761 F.2d 609, 614–15 (11th Cir. 1985); *see also Kanapuram*, 131 F.4th at 1306. And, the Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667, 671–72 (1950)).

Because the INA statutorily strips this Court of subject matter jurisdiction to review USCIS' discretionary denials of Plaintiffs' applications, and because the alternative sources for subject matter jurisdiction provided by the Plaintiffs in their complaint do not rescue them from the INA's jurisdictional bar, this Court lacks subject matter jurisdiction over this dispute. Without jurisdiction to consider the claims, the Court need not consider Defendants' remaining two arguments in favor of dismissal.

**CONCLUSION**

Since this Court does not have subject matter jurisdiction over Plaintiffs' claims, its only remaining function is to "announc[e] the fact and dismiss[] the case." *Ex parte McCardle*, 74 U.S. at 514.

Thus, for the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss. Plaintiffs' claims are dismissed without prejudice.

So ordered, this 21st day of September, 2026.

S/ Tilman E. Self
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**